UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CR-00076-JAR-1 |
| ) | |
| BRIAN SHIELDS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant Brian Shields's pro se request for clemency, which the Court treats as a motion for reduction in sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, the motion will be denied.

### BACKGROUND

In March 2024, Defendant Shields pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute cocaine. (Doc. 93). Based on a total offense level of 25 and a criminal history category of II, the guideline range of imprisonment was 63 to 78 months. In September 2024, the Court sentenced Shields to 48 months in prison, followed by three years of supervised release. (Doc. 122). Shields is currently incarcerated at Yankton FPC in South Dakota with a projected release date of June 29, 2027. He is 44 years old.

In June 2025, Shields filed the present "clemency request" (Doc. 126) citing his successful rehabilitation in prison and his ineligibility for a one-year reduction in sentence through the Bureau of Prisons' Residential Drug Abuse Treatment Program (RDAP) due to the

1

firearm enhancement in his offense level calculation.[1] (Doc. 117 at 6). Included with the request are two letters of support, a promise of employment upon release, and several family photos. As the Court understands these filings, given that Shields is ineligible for an RDAP reduction, he asks the Court to "file a motion" with the Bureau of Prisons in support of his early release under the Second Chance Act reentry program, 34 U.S.C. § 60501. Appointed counsel from the Federal Public Defender notified the Court of her intent not to file a supplement to Shields's pro se motion. (Doc. 127).

Though Shields styles his request as one of clemency, only the President of the United States has the power to grant clemency for federal offenses. *Harbison v. Bell*, 556 U.S. 180, 187, (2009) (citing U.S. Const., Art. II, §2). Likewise, the Second Chance Act doesn't vest the Court with any authority to influence BOP decisions as to where to house inmates. *Jones v. Fikes*, 2023 WL 4274872, at *12 (D. Minn. May 31, 2023), *report and recommendation adopted*, 2023 WL 4274693 (D. Minn. June 29, 2023). As such, the Court construes Shields's request as a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).

## LEGAL STANDARDS

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and

---

[1] Federal law allows the BOP to reduce the sentences of non-violent offenders who complete the RDAP by up to one year. 18 U.S.C. § 3621(e)(2)(B).

2

(3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include: (1) a terminal illness or serious medical condition; (2) the defendant's age (at least 65 years old); (3) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children; (4) abuse by or at the direction of a person having control over the defendant and resulting in liability; (5) other reasons of similar gravity; or (6) for a defendant who received an unusually long sentence and has served at least 10 years, a subsequent change in the law (other than non-retroactive amendments to the guidelines) would produce a gross disparity between the original sentence and the one he would have received after the change. U.S.S.G. § 1B1.13(b). *Id*.

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on § 3553(a) sentencing factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019). A defendant who seeks compassionate release under

3

18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

As a preliminary matter, Shields has not presented any documentation of his attempts at administrative relief, even regarding his Second Chance Act eligibility. His motion is subject to dismissal on this basis alone. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). But even were the Court to overlook this prerequisite given the style of Shields's request, the reasons set forth in Shields's motion do not supply grounds for a First Step Act reduction, which is the only relief this Court has the authority to grant.

While the Court commends Shields's admirable rehabilitation efforts, rehabilitation alone is insufficient to warrant compassionate release; it may only be considered in combination with other meritorious compelling factors. *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023). Shields does not cite any other circumstances qualifying as extraordinary and compelling under U.S.S.G. § 1B1.13(b). This alone also defeats his motion.

Turning to the second and third prongs of the analysis focusing on community safety and § 3553(a) sentencing factors, the Court already granted a significant downward variance at the time of sentencing, imposing just 48 months when the guideline minimum was 63 months. Given the large quantity of drugs and cash seized at the time of Shields's arrest, the Court continues to believe that this sentence is just and appropriate.

Though the Court has no authority to influence the BOP's determination with respect to Second Chance Act eligibility, the Court trusts that the BOP will take into consideration the relevant information set forth in Shields's motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's request for clemency, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), is **DENIED**. (Doc. 126).

Dated February 16, 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE